IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00245-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD GRIMES,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on July 6, 2006.  The court has taken judicial notice of the court's file and the pretrial services report.  The defendant is not contesting detention.  The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

      community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B)  whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial investigation report and the entire court file. The defendant is not contesting detention. Lastly, the court has considered the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

  First, the defendant has been charged in the Indictment with Possession with Intent to Distribute 5 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base, a Schedule II Controlled Substance and Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

  Second, based upon the Indictment presented, I find that probable cause exists that defendant committed the charged offense. The rebuttable presumption of detention applies in this case. Defendant has not produced sufficient evidence to rebut the presumption.

  Third, I find that the nature of the instant offense involves possession with the intent to distribute 5 grams of crack cocaine. Defendant has used alias names of Ronald Turner and Carl Andre Robinson in the past. Defendant has suffered five (5) convictions for False Information. Defendant has suffered three (3) convictions for drug offenses and is awaiting sentencing on a fourth drug offense in the Denver County District Court in case no. 06-CR-1152. Defendant was on the bond in the Denver County District Court in case no. 06-Cr-1152 at the time of his alleged involvement in the case before this court. Defendant is unemployed and does not have a history of stable employment. Defendant has fourteen (14) prior failures to appear. Defendant's girlfriend reported that defendant used marijuana on a daily basis prior to his arrest fin this case.

  Based upon these findings, I conclude, by a clear and convincing evidence that the defendant is a flight risk and a danger to the community and there is no condition or combination of conditions for release that will reasonably assure the appearance of defendant and the safety of the community. Accordingly, I order defendant detained without bond.

  Done this 6th of July 2006.

            BY THE COURT

            S/ Michael J. Watanabe
            _____
            Michael J. Watanabe
            U.S. Magistrate Judge